Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
pgore@prattattorneys.com

(Co-counsel listed on signature page)

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **MICHAEL KOSTA and STEVE BATES, individually and on behalf of all others similarly situated,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DEL MONTE CORPORATION,** <br><br> **Defendant.** | Case No. CV 12-01722 YGR <br><br> **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPLICATION OF COLLATERAL ESTOPPEL** <br><br> Hearing Date: March 19, 2013 <br> Time: 2 p.m. <br> Judge: Hon. Yvonne Gonzalez Rogers <br> Action filed: April 5, 2012 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

FACTS ..................................................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.      Plaintiffs' Motion Is Not Premature And Is Not Procedurally Improper ........................... 3

II.     Collateral Estoppel Is Applicable In This Case ................................................................ 5

III.    Plaintiffs Have Proven The Elements Of Collateral Estoppel ........................................... 6

       A.      The Sixteen Issues Were "Actually Decided" And Were "Critical"
                And "Necessary" To The New York Verdict ............................................................ 6

       B.      Plaintiffs Have Shown That The Issues Are "Identical" ............................................ 8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
    No. C-11-2910 EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012) .................................. 6

*Barnes v. Hodel*,
    819 F.2d 250 (9th Cir. 1987) ........................................................................................... 7

*Brown v. Felsen*,
    442 U.S. 127 (1979) ........................................................................................................ 4

*Chew v. Gates*,
    27 F.3d 1432 (9th Cir. 1994) ........................................................................................... 7

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979). ....................................................................................................... 4

*Pom Wonderful LLC v. Coca-Cola Co.*,
    679 F.3d 1170 (9th Cir. 2012) ....................................................................................... 10

*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ........................................................................................... 3

*United States v. ITT Rayonier, Inc.*, 627 F.2d 996 (9th Cir. 1980) ...................................... 4

*United States v. Oregon and California R.R. Co.*,
    8 F.2d 645 (D.Ore.1925) ................................................................................................. 7

**INTRODUCTION**

After seeing and hearing all of Defendant Del Monte's ("Defendant") evidence and arguments, a jury in the Southern District of New York found that Defendant knowingly misleads consumers by its use of misbranded food products. Several of the products at issue in this case are identical to the products the New York jury considered; specifically, the products Fruit Bowls, Fruit Naturals, Superfruit, and SunFresh. Now, Defendant seeks to relitigate the same issues related to the same products, which only serves to waste the parties' resources and delay the case – precisely the results the doctrine of collateral estoppel is meant to prevent.

Plaintiffs' motion is not premature or procedurally improper. A jury has already found that four of Defendant's products at issue in this case are both deceptively labeled and misbranded. There is no need to conduct discovery to prove facts already proven. Nor is Plaintiffs' motion a Rule 56 "disguised motion for summary adjudication." Plaintiff's motion is as represented – a motion for collateral estoppel to prevent Defendant from litigating facts and issues already decided.

Defendant has not shown that the application of collateral estoppel will be unfair to Defendant. It is not unfair to preclude Defendant from litigating over these same products bearing the same labels bearing the same unlawful claims. What would be unfair is for Plaintiffs to have to prove facts and issues already proven.

By bringing the present motion, Plaintiffs are not running afoul of the one-way intervention rule. Plaintiffs do not request a ruling on the present motion before the Court decides Plaintiffs' motion for class certification, which Plaintiffs intend to file shortly. However, there is no reason why the present motion cannot be fully briefed and heard by the Court before the Court decides whether this case should proceed as a class action or not.

There are numerous issues in this case that *will* have to be litigated. Plaintiffs' motion covers only the issues already considered and decided by a jury. Therefore, Plaintiffs' motion is directed only at the facts and issues that were "actually and necessarily" decided and those issues are "identical" to the issues herein.

# FACTS

Plaintiffs' motion does not cover all of the products named in Plaintiffs' Amended Complaint. Plaintiffs' motion only covers Defendant's Fruit Bowls, Fruit Naturals, Superfruit, and SunFresh product lines. A jury heard arguments and reviewed evidence about the labels of these four products in *Fresh Del Monte Produce Inc. v. Del Monte Foods Co.*, Case No. 08-cv-8718 (S.D.N.Y.). The jury found that "[Defendant]'s marketing (which includes advertising, marketing, packaging, and/or labeling) of [the four product lines at issue] violate the Lanham Act."[1] The jury further found that Defendant violated the law willfully.[2]

Evidence at trial established the following:

a) Defendant is not troubled that consumers thought Defendant's "fresh" fruit was fresh when actually it is not fresh;[3]

b) Defendant does not use the word "preservatives" on newer products so that Defendant can avoid a negative consumer reaction to the product;[4]

c) At least five of Defendant's pasteurized products are not labeled as such;[5]

d) Defendant consciously disregarded FDA guidelines by labeling its cut fruit products "Must Be Refrigerated." This labeling statement is false because those products do not require refrigeration. In fact, Defendant has never tested its chemically preserved products that are labeled "Must Be Refrigerated" at ambient temperatures;[6] and

e) Defendant conducted specific research to confirm that it was successfully convincing consumers that its preserved products were fresh with knowledge that substantial and significant portion of consumers were being misled into believing the products in the advertisements were fresh.[7]

---

[1] See Gore Decl., Exhibit 1, Verdict Form, *Fresh Del Monte* Document 168-1 at 2-3. The Gore Declaration is attached to Plaintiffs' Motion for Application of Collateral Estoppel. (Doc. 50.) All page cites for documents filed in the *Fresh Del Monte* case refer to the page number stamped by the court at the top of the page.

[2] Gore Decl., Exhibit 1, Verdict Form, *Fresh Del Monte* Document 168-1 at 3.

[3] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 44.

[4] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 28.

[5] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 32-36.

[6] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 29-31, 37-40.

[7] Gore Decl., Exhibit 3, Fresh Del Monte's memorandum in support of permanent injunction, *Fresh Del Monte* Document 148 at 11.

1  Defendant has chosen not to challenge the jury's verdict.[8]  In response to the jury's
2  findings, Defendant is changing its labeling to "refrigerate for quality" and adding "pasteurized"
3  for the following products: SunFresh Mandarin Orange, Fruit Naturals Peaches, Fruit Naturals
4  NSA Peaches, and Fruit Natural Mandarin Orange.  Defendant is also changing its labels to
5  include the term "preservatives" instead of "preserved for quality."[9]  These new labels were
6  reportedly available on the market in January 2013.[10]

## ARGUMENT

### I. Plaintiffs' Motion Is Not Premature And Is Not Procedurally Improper

Defendant argues that Plaintiffs' motion is premature because the Court has not yet ruled on Defendant's motion to dismiss. Plaintiffs agree the Court should rule on the motion to dismiss first. However, there is no downside to having the issues fully briefed, which they now are. Now that briefing is over, Defendant's point is moot.

Similarly, Plaintiffs' motion does not run afoul of the one-way intervention doctrine. Again, Plaintiffs are not seeking a ruling on this collateral estoppel motion prior to a decision on class certification.  However, having the collateral estoppel issue fully briefed and ready for hearing promotes judicial economy and the ultimate resolution of this litigation.

Plaintiffs' motion is not a "disguised motion for summary adjudication." Plaintiffs' motion is based on the fact that a federal jury considering some of the exact labels at issue in this case found those labels to be deceptive. Urging the Court to prevent Defendant from relitigating these exact same issues is a far cry from seeking summary adjudication. The two basic purposes for issue preclusion are "protecting litigants from the burden of relitigating an identical issue and . . . promoting judicial economy by preventing needless litigation." *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Collateral estoppel is intended to save judicial and adversarial resources. *Parklane*

---

[8] Gore Decl., Exhibit 4, Del Monte's opposition to motion for permanent injunction, *Fresh Del Monte* Document 167 at 5.

[9] Gore Decl., Exhibit 5, Declaration of Shaily Sanghvi in support of Del Monte's opposition to motion for permanent injunction, *Fresh Del Monte* Document 170 at 2-3.

[10] Gore Decl., Exhibit 6, Revised Proposed Injunction Language, *Fresh Del Monte* Document 172-2 at 2.

REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPLICATION OF COLLATERAL ESTOPPEL
Case No.  CV 12-01722 YGR                                                                                           3

*Hosiery Co.,* 439 U.S. at 326. Importantly for purposes of Plaintiffs' motion, collateral estoppel bars relitigation of factual questions or mixed questions of law and fact. *See Brown v. Felsen*, 442 U.S. 127, 139, n. 10, (1979); *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980).

No amount of discovery, declarations, or affidavits will undo these facts derived from the issues as stated in the Joint Pretrial Order, the court's charge, and the verdict form in *Fresh Del Monte*:

- Defendant marketed, advertised, packaged, and labeled its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products in a manner that conveys to consumers the false and misleading message that those products are fresh fruit, as opposed to preserved fruit.

- Defendant falsely labeled its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products as "Must Be Refrigerated," and sold some of the products in plastic, transparent, bowl-shaped containers identical to those used by other producers for fresh, refrigerated cut produce.

- The labels on Defendant's Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products are literally false by stating the products "Must Be Refrigerated."

- The labels on Defendant's Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products are literally false by not stating the products are pasteurized.

- The labels on Defendant's Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products are literally false by not stating the products contain "preservatives."

- Defendant's practice of packaging some of its products in plastic, transparent, bowl-shaped containers identical to those used by other producers for fresh, refrigerated cut produce conveyed to consumers a false impression of freshness.

- The labels on the foods complained of in Plaintiffs' complaint — Defendant's Fruit Natural, SuperFruit and SunFresh products — were not compliant with FDA Refrigeration guidelines, including 21 C.F.R. §§ 101.95.

- The false "freshness" message from Defendant's false labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products actually deceived or had the tendency to deceive a substantial portion of the target audience.

- The false "freshness" message from Defendant's false labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products was material in that it was likely to influence purchasing decisions.

- Defendant's marketing, advertising, packaging, and labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products made or conveyed false or misleading statements or messages about the freshness of product.

- Defendant intentionally marketed, advertised, packaged, and labeled its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products to appear like fresh cut fruit.

- Defendant consciously and deliberately chose to not follow FDA guidelines, including 21 C.F.R. §§ 101.95, by labeling its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products as "Must be Refrigerated."

- Defendant's marketing, advertising, packaging, and labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products gave consumers the false impression that those products are fresh fruit, as opposed to preserved fruit.

- Defendant's marketing, advertising, packaging, and labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products actually caused consumers to have the false impression that those products are fresh fruit, as opposed to preserved fruit, or was likely to cause that impression.

- Defendant knew its marketing, advertising, packaging, and labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products gave consumers the false impression that those products are fresh fruit, as opposed to preserved fruit.

- Defendant designed its marketing, advertising, packaging, and labeling of its Fruit Bowl, Fruit Naturals, Superfruit and SunFresh products with the intent to give consumers the false impression that those products are fresh fruit, as opposed to preserved fruit.

The labels on the subject products are the same in *Fresh Del Monte* as they are here. Yet, Defendant argues that we should conduct discovery on whether, for example, Defendant should not have stamped "Must be Refrigerated" on products that certainly did not need to be refrigerated. Tellingly, Defendant does not explain how, under the same set of regulations, a misbranded product in federal court in New York is not a misbranded product in federal court in California.

## II. Collateral Estoppel Is Applicable In This Case

Defendant argues that applying the doctrine of collateral estoppel would be unfair to Defendant. Defendant makes the audacious statement, "The New York jury's determination that Fresh Del Monte prevailed in the 'territorial' fight says nothing about whether an individual customer was deceived or should get a refund for having bought Del Monte products." (Doc. No. 68 at 5.) First, the evidence in *Fresh Del Monte* did show that customers were deceived and that Defendant didn't care if customers were deceived. Second, it matters not who the plaintiffs are. If Defendant's products (1) should not have been labeled "Must be Refrigerated," but were (2) should have included the word "pasteurized," but did not (3) should have included the word "preservatives," but did not and (4) Defendant willfully mislabeled the subject products, it simply does not matter whether the plaintiff is a corporation or a consumer.

1	Third, Plaintiffs' motion does not ask the Court to rule that Plaintiffs "get a refund for
2	having bought Defendant's products."  Plaintiffs merely seek to avoid unnecessary discovery on
3	issues that have been decided against Defendant. Remedies will be determined at a later date.

Defendant argues that it has procedural opportunities in this case that it did not have in *Fresh Del Monte*. The first "procedural opportunity" Defendant mentions is, "The monetary stakes in this case dwarf what was at issue in New York." (Doc. No. 68 at 6.) However, Defendant fails to explain how "monetary stakes" are relevant to "procedural opportunities" or to the question of whether Defendant's products are misbranded.

Defendant's assertion that it has a standing argument in this case – related to whether Plaintiffs bought any of the products at issue: Fruit Bowls, Fruit Naturals, Superfruit, and SunFresh product lines– is without merit. First, Plaintiffs alleged that they did purchase the Fruit Naturals and SunFresh product lines. (FAC ¶¶ 237-238). At a bare minimum, Defendant cannot contest Plaintiffs' standing on those products. Second, if there is sufficient similarity between the products Plaintiffs purchased and the products Plaintiffs did not purchase, Plaintiffs have standing.  *See, e.g., Astiana v. Dreyer's Grand Ice Cream, Inc*., No. C-11-2910 EMC, 2012 WL 2990766, at *33 (N.D. Cal. July 20, 2012). There is sufficient similarity between the misbranding of the subject products. The manner in which these products were misbranded is the same across all products in the class. Plaintiffs plead, "Defendant engaged in identical unlawful practices with respect to all of its Misbranded Fruit Products."  (FAC ¶ 64.)

### III.	Plaintiffs Have Proven The Elements Of Collateral Estoppel

#### A. The Sixteen Issues Were "Actually Decided" And Were "Critical" And "Necessary" To The New York Verdict

Defendant cites *Barnes v. Hodel*, 819 F.2d 250 (9th Cir. 1987), for the proposition that "a decision that fails to mention the specific issues to be precluded is too vague to afford preclusive effect." (Doc. No. 68 at 7.) However, *Barnes* is easily distinguishable. First, in *United States v. Oregon and California R.R. Co.*, 8 F.2d 645 (D.Ore.1925), it was judicially determined that the subject land did not revest in the United States. Second, Barnes sought to collaterally estop reversion of the timber rights to the United States. The court held that collateral estoppel was

1  inappropriate because Barnes had produced no evidence that the lots at issue were among those
2  that had already been determined not to revest the timber rights in the United States. Here,
3  several of the same products and issues that were litigated in the *Fresh Del Monte* action are the
4  same products and issues in the present case.

5  Defendant also cites *Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994). In *Chew*, the jury
6  rendered a $13,000 general verdict in Chew's favor, but the court did not apply collateral estoppel
7  to the issue of damages in a subsequent related action by Chew. 27 F.3d at 1438. There, the court
8  was unsure of whether the jury had awarded damages based on the police officer's direct attacks
9  (kicking) or indirect assault (via the police dog). *Id.* The *Chew* court was unable to determine
10 which issue supported the verdict. In contrast, in *Fresh Del Monte* the jury verdict lists the
11 specific products that the jury found to have violated the Lanham Act (Fruit Bowl, Fruit Naturals,
12 Super Fruit, SunFresh, but not Orchard Select). *Chew* is inapplicable here because the parties
13 know exactly which products form the basis for the jury verdict in *Fresh Del Monte* – and those
14 products and labels are exactly the same here.

15 Defendant asks the Court to look at the *Fresh Del Monte* verdict in a vacuum and
16 disregard what the case was about. A Lanham Act claim served as the lynchpin of the *Fresh Del*
17 *Monte* case. The court instructed the jury that a plaintiff must prove five elements to establish a
18 Lanham Act violation:

19 > One, the advertiser made or conveyed false or misleading statements or messages about its own or competitor's product or services; two, the advertiser's false or
20 > misleading statements or messages actually deceived or had the tendency to deceive a substantial portion of the target audience; three, the advertiser's
21 > statement was material in that it was likely to influence purchasing decisions; four, as a result of the statement, there was a likelihood of injury to the business of the
22 > plaintiff; and, five, the advertising has a connection to interstate commerce.[11]

23 The plaintiff in *Fresh Del Monte* could not simply rely on a recitation of the elements of a
24 Lanham Act violation to prevail. The plaintiff had to establish facts to present to the jury, which
25 the plaintiff did. Those facts proved that the elements existed for a Lanham Act claim. Those

---

[11] *See* Gore Decl., Exhibit 8, Transcript at 1237, Fresh Del Monte Document 161 at 87. The court explained each of the elements (other than interstate commerce, which was not contested) in detail. See Gore Decl., Exhibit 8, Transcript at 1238-43, Fresh Del Monte Document 161 at 88-94.

same facts exist in this case regardless of the jurisdiction, regardless of whether the plaintiff is a consumer or a corporation, and regardless of what particular law is alleged to have been broken. The facts remain constant. Those include, but are not limited to, the following:

1. Defendant is not troubled that consumers thought Defendant's "fresh" fruit was fresh when actually it is not fresh;[12]

2. Defendant does not use the word "preservatives" on newer products to avoid a negative consumer reaction to the product;[13]

3. At least five of Defendant's pasteurized products are not labeled as such;[14]

4. Defendant consciously disregarded FDA guidelines by labeling its cut fruit products "Must Be Refrigerated." This labeling statement is false because those products do not require refrigeration. In fact, Defendant has never tested its chemically preserved products that are labeled "Must Be Refrigerated" at ambient temperatures;[15] and

5. Defendant conducted specific research to confirm that it was successfully convincing consumers that its preserved products were fresh with knowledge that substantial and significant portion of consumers were being misled into believing the products in the advertisements were fresh.[16]

The verdict in *Fresh Del Monte* is anything but a "muddle." (Doc. No. 68 at 8.) If the verdict really had been a muddle, Defendant would have appealed (which it did not) and Defendant would not have agreed to change the labeling to address each of these issues (which it did).

**B.  Plaintiffs Have Shown That The Issues Are "Identical"**

First, Defendant argues that the Court cannot determine if the issues are identical because discovery has not begun in this case. As stated above, no amount of discovery is going to change the facts about Defendant's labels, and those facts are the subject of the present motion.

Second, Defendant argues that the issues are not "identical" because "the New York case involved marketing not at issue in this case, for example, the Fruit Undressed advertising

---

[12] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 44.

[13] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 28.

[14] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 32-36.

[15] Gore Decl., Exhibit 2, Excerpts from trial testimony appended to Declaration of Anthony J. Dryer, *Fresh Del Monte* Document 149 at 29-31, 37-40.

[16] Gore Decl., Exhibit 3, Fresh Del Monte's memorandum in support of permanent injunction, *Fresh Del Monte* Document 148 at 11.

1  campaign." (Doc. No. 68 at 10.) This argument is a red herring. The *Fresh Del Monte* verdict
2  form contains four questions regarding the Lanham Act. Question 1 asks about the marketing and
3  labeling of the subject products. Question 4 specifically asks if Defendant's Fruit Undressed print
4  advertisements violate the Lanham Act. The jury checked "yes" to both questions. Therefore, the
5  print advertisements (marketing) is a completely separate issue from the labels on the products
6  listed in Question 1. Put another way, the advertising campaign is a separate violation of the
7  Lanham Act from the labels on the subject products. Thus, the jury clearly reached its verdict
8  after deliberating about both issues. They then found Lanham Act violations on both grounds.
9  Because the jury found Defendant liable on both issues, it is entirely appropriate to apply
10 collateral estoppel to the issue involved in this litigation – the labeling of the subject products.

11         Third, Defendant argues that the current case involves application of different law than in
12 *Fresh Del Monte*. This argument is another red herring. Regardless of which legal theory a
13 plaintiff pursues, the facts remain the same. Collateral estoppel recognizes the determination of
14 facts as binding on a party. Defendant misbranded the subject products. The products were
15 misbranded in the exact same way in *Fresh Del Monte* as they are in this case. The fact that these
16 products are misbranded may support different legal theories, but the facts are the same.

17         Moreover, the misleading prong of Plaintiffs' UCL claim is consistent with the deception
18 at the heart of a Lanham Act claim, and Defendant does not argue differently. Instead, Defendant
19 merely points out that Plaintiffs have alleged a claim under the unlawful prong. That is correct.
20 But, Plaintiffs have also alleged a claim under the misleading prong.

21         Fourth, Defendant mischaracterizes the 9th Circuit's holding in *Pom Wonderful LLC v.*
22 *Coca-Cola Co.*, 679 F.3d 1170 (9th Cir. 2012). In *Pom Wonderful*, the court held that a plaintiff
23 could not bring claims under the Lanham Act for a deceptive juice label where the label
24 presumptively ***complied*** with FDCA regulations. *Pom Wonderful*, 679 F.3d at 1178 (emphasis
25 added). The court held that because "[defendants' juice] label abides by the requirements the
26 FDA has established" permitting plaintiff to sue under the Latham Act "would create a conflict
27 with FDA regulations and would require [the court] to undermine the FDA's apparent
28 determination that so naming the product is not misleading." *Id*. at 1178. In stark contrast,

Plaintiffs herein seek damages for misbranded labels that do not meet FDA and state law requirements. Unlike the plaintiff in *Pom Wonderful*, Plaintiffs do not seek to make Defendant change labels that are in compliance with FDA regulations. *Pom Wonderful* is not an intervening change in the governing law.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court apply collateral estoppel to the findings of fact and conclusions of law identified by Plaintiffs herein, and grant such other relief the Court deems just and appropriate.

Dated:  February 21, 2013

Respectfully submitted,

PLAINTIFFS

/s/ *Brian Herrington*
Brian Herrington (admitted pro hac vice)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Toll Free: (877) 816-4443
Fax: (662) 834-2628
bherrington@barrettlawgroup.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
pgore@prattattorneys.com