United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KOSTA, STEVE BATES, individuals, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DEL MONTE CORPORATION, <br><br> Defendant. | Case No.: 12-cv-01722-YGR <br><br> **ORDER DENYING MOTION FOR COLLATERAL ESTOPPEL (DKT. NO. 50)** |

Pending before the Court is the Motion of Plaintiffs Michael Kosta and Steve Bates ("Plaintiffs") for "Application of Collateral Estoppel." (Dkt. No. 50.) Having carefully considered the papers submitted and the pleadings in this action, the Court **DENIES** the motion without prejudice for the reasons stated herein.[1]

The motion essentially asks that this Court make findings of fact on certain claims based upon a jury verdict in case by a different plaintiff against Defendant Del Monte Corporation ("Del Monte") alleging similar misbranding issues as to Del Monte's Fruit Bowls, Fruit Naturals, Superfruit, and SunFresh product lines.

Plaintiffs argue that the motion is not a Rule 56 motion for summary adjudication. The argument is unconvincing. Plaintiffs do not cite, and there does not appear to be, any other procedural vehicle that would allow such a ruling at this point in the case. Since the motion was not brought as a Rule 56 motion, Plaintiffs have side-stepped the applicable Federal Rules applicable to such motions, as well as this Court's Standing Order In Civil Cases which limits

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **May 28, 2013**.

United States District Court
Northern District of California

1    summary judgment motions and sets forth additional pre-filing and filing requirements.  Moreover,

2    Del Monte argues that it should be afforded the opportunity to seek a continuance in order to take

3    discovery, as it would have been permitted under Rule 56(d).

4         More importantly, in this class action, a decision on the merits of a claim at this point in the

5    case would run afoul of the rule against one way intervention.  "A largely settled feature of state

6    and federal procedure is that trial courts in class action proceedings should decide whether a class is

7    proper and, if so, order class notice *before* ruling on the substantive merits of the action." *Fireside*

8    *Bank v. Sup. Ct.*, 40 Cal. 4th 1069, 1074 (2007) (emphasis added).  The rule "stands as a barrier

9    against 'one-way intervention,' whereby not-yet bound absent plaintiffs may elect to stay in a class

10   after favorable merits rulings but opt out after unfavorable ones." *Id.*  The purpose of Rule 23(c)(2)

11   is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are

12   adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis in original).

13        Plaintiffs concede that the issues herein are not properly decided prior to the Court's

14   consideration of class certification, but suggest that the Court should nevertheless consider briefing

15   and hear argument on the collateral estoppel issue now.  (*See* Plaintiffs' Reply, Dkt. No. at 1:19-23

16   and 3:13-16.)  The Court declines the suggestion.  The motion is **DENIED** without prejudice to

17   raising the collateral estoppel issue after consideration of class certification and completion of any

18   discovery necessary to resolution of the issue.  Plaintiffs are cautioned that any future motion for

19   summary judgment or adjudication must comply with this Court's Standing Order.

20        This Order terminates Dkt. No. 50.

21        **IT IS SO ORDERED.**

22

23   Dated: May 17, 2013                          _____
                                                  **YVONNE GONZALEZ ROGERS**
24                                                **UNITED STATES DISTRICT COURT JUDGE**

25

26

27

28

2